## UNITED STATES v. GERACI et al.

(District Court, S. D. Florida.   March 9, 1922.)

### No. 933.

Conspiracy ☞43(6)—Indictment held not to charge an offense.

An indictment for conspiracy to commit an offense against the United States by violating Federal Control Act, § 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾k), which did not allege any facts showing an intention to commit any act which is made an offense by said section, *held* insufficient.

Criminal prosecution by the United States against N. Geraci and others.   On demurrer to indictment.   Demurrer sustained.

William M. Gober, U. S. Dist. Atty., of Lakeland, Fla.
H. S. Phillips, of Tampa, Fla., for defendant Geraci.

CALL, District Judge.   In the above case the indictment charges a conspiracy to commit an offense against the United States; that is to say, to violate section 11 of the Act of March 21, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾k), in this, to wit: That false and fraudulent claims should be presented to the railroad, then under federal control, for damages to freight received over said railroad, when such freight was received in good order.   The overt act alleged shows that certain employees of the road falsely certified to such damages.

Section 11 of the act denounces three things as a crime against the United States:   (1) To violate or fail to observe any of the provisions of the act;   (2) interfere with or impede the possession, use, operation, or control of the roads under federal control;   (3) violate any provision of any order or regulation passed pursuant to the act.

It is not sufficient to allege in an indictment that the purpose of the conspiracy was to violate the provisions of section 11 of the act.   This would be too general.   The allegation must be followed by setting forth facts which show what provision of section 11 was intended to be violated.   A careful reading of the indictment will show that there is no charge of the violation of either of the offenses above noted denounced by the section.

I do not think a conviction or acquittal under this indictment could be pleaded in bar to another prosecution for a conspiracy to present false and fraudulent claims against the United States, and therefore the demurrer will be sustained.

### Order.

This cause coming on to be heard upon the demurrer and motion to quash the indictment, and the same having been argued and submitted, it is considered by the court that said demurrer be and the same is hereby sustained.

☞For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes