<hr />

UNITED STATES, Plff.,

*v.*

MARIANO R. PESQUERA, ENRIQUE CASTRO MAR-TINEZ, LUIS SANQUIRICO, ARTHUR RATCLIFF, ET AL., Dfts.

<hr />

San Juan, Criminal, No. 2711.

CRIMINAL LAW.

Indictment—Must Allege Offence.
    1. An indictment for conspiracy must itself charge a specific offence and cannot be aided by allegations of overt acts.

United States v. Pesquera.

Indictment—Unnecessary Averments Not Surplusage.

2. An indictment must be free from the fault of carrying averments not necessary elements of the offense, but which tend to confuse and embarrass the jury. Averments of this nature may not be regarded as mere surplusage.

Prohibition—Defendants Cannot Sell to Themselves.

3. Where there are sixteen defendants named in an indictment for conspiracy to violate the national prohibitory law, and it is alleged that the said defendants unlawfully sold liquor to five of the defendants, the indictment is bad and should be quashed, it being self-evident that no one person can be both buyer and seller.

Indictment—Demurrer or Motion to Quash.

4. An indictment subject to the faults above set forth is subject either to a motion to quash or to a demurrer.

Opinion filed November 29, 1922.

———

*Mr. Ira K. Wells,* United States District Attorney, for the United States.

*Mr. Miles M. Martin,* for Jose Leon, Joaquin L. Miro, and Celso Suarez.

*Messrs. Guerra, Mondragon, & Soldevila* for Ernesto Diaz, Jr.

*Mr. Jaime Sifra, Jr.,* for M. Negron Benitez.

*Mr. H. R. Francis* for Sergio Seijo.

*Messrs. Martin Travieso* and *R. Castro Fernandez* for Luis Sanquirico.

*Mr. Juan B. Soto* for Joaquin L. Miro.

United States v. Pesquera.

ODLIN, Judge, delivered the following opinion:

The indictment in this case charges a conspiracy against sixteen defendants, who are named, and alleges that they, together with divers others persons whose names are to the grand jury unknown, did enter into an unlawful conspiracy to commit an offence against the United States, to wit: a violation of § 3 of title 2 of the National Prohibition Act; and then the indictment proceeds to set forth the manner in which said alleged conspiracy was planned and carried into operation; and then there follow in minute details recitals of fifteen overt acts.

Various defendants filed motions to quash the indictment and one defendant, to wit: Luis Sanquirico, filed a demurrer setting forth three grounds which it is claimed make this indictment fatally defective. These motions to quash and the said demurrer were exhaustively argued by the several counsel for numerous of the defendants named, also by the district attorney; and the court has considered said motions and the said demurrer and has come to the conclusion that all said motions to quash must be granted and that the said demurrer must be sustained.

Although one of these motions sets forth seventeen grounds, I am quite clear that there is no necessity for passing upon all of them. It seems to me sufficient to say that this indictment is clearly subject to the defects which were held to destroy the validity of the indictment in United States v. Beiner, decided by the U. S. District Court in the Western District of Pennsylvania on September 7, 1921, reported in 275 Fed. 704. The opinion in this case, which is written by the Honorable Charles P. Orr, makes it quite clear to my mind that an indictment of

United States v. Pesquera.

this nature charging that the defendants conspired to violate the National Prohibition Act "in that they would unlawfully, wilfully and knowingly sell, barter, transport, deliver, furnish, and possess distilled spirits and intoxicating liquors otherwise than as authorized in the aforesaid act, . . . particularly title 2 thereof," is insufficient because it is too indefinite to charge any offense. And in this same decision Judge Orr held that an insufficient charge of conspiracy in an indictment cannot be aided by allegations of overt acts.

Then there is a later decision on this same question rendered by the Honorable R. M. Call, U. S. District Judge, at Jacksonville, Florida, March 9 of the present year, being the case of United States v. Geraci, reported in 280 Fed. 256. This was not a case of an alleged conspiracy to violate the National Prohibition Act, but the alleged conspiracy was to commit an offense against the United States by violating the Federal Control Act, being § 11 of the Act of March 21, 1918. This § 11 denounces three things as crimes against the United States. First, to violate or fail to observe any of the provisions of the act; second, to interfere with or impede the possession, use, operation, or control of the roads under Federal control; and third, to violate any provision of any order or regulation passed pursuant to the act. Judge Call distinctly holds that it is not sufficient to allege in an indictment for violation of the Federal Control Act that the purpose of the conspiracy was to violate the provisions of § 11 of such act. He says this would be too general; and that the allegation must be followed by setting forth facts which show what provision of § 11 was intended to be violated; and that a careful reading of such indictment shows that there was no charge of the violation of either of the *specific*

United States v. Pesquera.

offenses above noted as denounced by said § 11; and he thinks that a conviction or acquittal under an indictment such as was the one before him could not be pleaded in bar to another prosecution for a conspiracy to present•false and fraudulent claims against the United States, and he therefore sustained a demurrer to that indictment. The averment in that indictment described the conspiracy as having for its purpose the presentation to a railroad then under Federal control of false and fraudulent claims for damages to freight received over such railroad when such freight was received in good order. There was an overt act showing that certain employees of the railroad falsely certified to such claims for damages.

When we come to examine § 3 of title 2 of the National Prohibition Act, we find that there are a number of acts differing one from another, which, if committed, constitute an offence. It therefore is quite apparent that the indictment now before this court must be held to be defective in accordance with the rulings of the two other Federal judges in the cases above mentioned.

On page 4 of the indictment it is alleged that this conspiracy, in addition to being a violation of the National Prohibition Act, operated as a fraud upon the People of Porto Rico, in that the accomplishment of the conspiracy operated to avoid and evade the payment of certain taxes imposed by the Excise Laws of Porto Rico. During the argument it was admitted by the district attorney that this averment in the indictment was surplusage and should be so regarded. The court is of the opinion that this averment is something more than surplusage; its presence tends to confuse the jury and it is more than possible that the jury might be influenced improperly against the defendants,

United States v. Pesquera.

or some of them, by their minds dwelling upon a loss to the people of Porto Rico as being an actual issue in this case, whereas, of course, the minds of the jurors should be limited to the determination of the issue as to whether the conspiracy was one solely in violation of the act of Congress.

A close examination by the court of this indictment discloses an allegation therein not touched upon by counsel, but which this court considers it necessary to mention as a ground upon which this court would deem the indictment fatally defective, even though not specifically set forth as one of the grounds by any of the numerous counsel for the several defendants in their motions to quash, or in the demurrer above referred to.

There are sixteen defendants named in the indictment as parties to the alleged conspiracy. At the foot of page 3 and at the top of page 4 of the indictment it is set forth that "the said defendants," including the sixteen whose names are given, did unlawfully furnish, deliver, and sell to five named defendants, to wit: Martinez, Miro, Suarez, Rafael Seijo, and Sergio Seijo, various shipments of alcohol. Of course it is elementary that in a contract of sale, whether lawful or unlawful, no man can be both seller and buyer. This court can very well understand how sixteen men might own liquor, and that the title to this liquor and the delivery thereof might unlawfully pass to five of these sixteen persons and constitute a crime. If a transaction of this nature were actually to be made, the pleader should state that the liquor in question was owned by sixteen defendants, naming them, and that eleven of these sixteen defendants, naming them, unlawfully transferred and sold their interest in the said liquor to the five defendants who became the buyers. For

United States v. Pesquera.

this reason alone, this court could not see its way clear to allow this indictment to go to a jury and permit a verdict of guilty.

For the reasons above set forth, all the motions to quash are granted.

And for the same reasons the demurrer herein filed by counsel for Luis Sanquirico is sustained.

Done and Ordered in open court at San Juan, Porto Rico, this 29th day of November, 1922.